

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00502-CR

SHEREE LYNNE DUNNAM                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On September 30, 2011, as part of a plea bargain agreement, Sheree Lynne Dunnam pleaded guilty to felony driving while intoxicated, and the trial court sentenced her to ten years' confinement, probated for ten years, and ordered her placed on community supervision. Also on September 30, 2011, the trial court certified that this is a plea bargain case and that Appellant has no right to appeal. On November 4, 2011, Dunnam filed a notice of appeal and

---

[1]*See* Tex. R. App. P. 47.4.

"Declaration of Conflict Between Appointed Counsel and Client and Motion for Substitution of Appointed Counsel and Motion for a New Hearing." On November 10, 2011, we notified Dunnam and her counsel that Dunnam's notice of appeal was not timely filed, that the trial court's certification indicating that Dunnam had no right to appeal had been filed in this court, and that this appeal could be dismissed unless Dunnam or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before November 21, 2011. *See* Tex. R. App. P. 25.2(d), 44.3. Separately, both Dunnam and her counsel filed responses acknowledging the trial court's certification that Dunnam has no right to appeal. Dunnam further acknowledged that her notice of appeal was not timely and has informed us that she no longer wishes to pursue the appeal. Counsel for Dunnam has advised us to dismiss this appeal and has filed a motion to withdraw.

A timely filed notice of appeal is essential to vest this court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). A notice of appeal is timely if it is filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court issues an appealable order. Tex. R. App. P. 26.2(a)(1). Notice of appeal may also be timely if it is filed within ninety days after the day sentence is imposed or suspended and the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a)(2). A motion for new trial is timely if filed within thirty days after the date the trial court imposes or suspends sentence in open court. Tex. R. App. P. 21.4(a).

2

Dunnam did not timely file a motion for new trial and acknowledges that her notice of appeal was untimely filed. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Because of this disposition, we deny counsel's motion to withdraw as moot.

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 12, 2012